**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STATE OF OKLAHOMA, ex rel. The
Attorney General of Oklahoma,
W.A. Drew Edmondson,

      Plaintiff-Appellant,

v.

STIFEL, NICOLAUS & COMPANY,
INC., a foreign corporation; ROBERT
M. COCHRAN, an individual,

      Defendants-Appellees.

No. 97-6360
(D.C. No. CIV-95-1654-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

The Oklahoma Attorney General filed this action in state court under the Oklahoma Corrupt Organizations Prevention Act (OCOPA), see Okla. Stat. Ann. tit. 22, §§ 1403, 1409, and the Racketeer Influenced and Corrupt Organizations Act (RICO), see 18 U.S.C. §§ 1962, 1964.  The AG alleged several instances of securities fraud and sought legal, equitable, and injunctive relief.  Defendants removed the case to federal court and then moved for dismissal, arguing that the lawsuit cast them in the dual role of "enterprise" *and* "person employed by or associated with" the enterprise (i.e., the perpetrator/defendant) under § 1962(c), violating RICO's "distinctiveness" requirement.[1]  Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 646 n.11 (7th Cir. 1995); see Board of County Comm'rs v. Liberty Group, 965 F.2d 879, 885 (10th Cir. 1992).  The district court agreed and dismissed the action.  On de novo review, see Richmond, 52 F.3d at 644, we affirm in part, reverse in part, and remand.

---

[1]    The OCOPA contains language essentially identical to the quoted RICO provision,  see § 1403(A), and also expressly provides that "[w]hen the language of [the OCOPA] is the same or similar to the language of [RICO], the courts of this state in construing the [OCOPA] may follow the construction given to federal law by the federal courts,"    § 1419.  Accordingly, the district court did not differentiate, nor shall we, between the OCOPA and RICO claims in the analysis and application of the distinctiveness requirement.

We affirm the dismissal of defendant Stifel, Nicolaus & Company, Inc. (SN&C) for substantially the reasons stated by the district court. Indeed, the AG does not appear to take issue with the obvious application of the distinctiveness requirement to this corporate entity, which as the § 1962 enterprise could not be "employed by or associated with" *itself* for purposes of RICO liability. See Liberty Group, 965 F.2d at 885; Garbade v. Great Divide Mining & Milling Corp., 831 F.2d 212, 213 (10th Cir. 1987).

By the same token, however, § 1962(c) "may impose liability on individual corporate officers and employees who conduct the corporate enterprise which employs them through a pattern of racketeering activity." Khurana v. Innovative Health Care Sys., Inc., 130 F.3d 143, 156 (5th Cir. 1997) (remanding § 1962(c) claims against employees after affirming dismissal of corporate defendant for lack of distinctiveness; collecting cases); see Liberty Group, 965 F.2d at 886 ("the defect in proving the existence of a 'person' separate from the 'enterprise' is not present with respect to [an employee]"); see also Garbade, 831 at F.2d 214 (considering § 1962(c) claim against employee on merits after affirming dismissal of corporate enterprise for lack of distinctiveness). Defendant Robert Cochran is not identical to SN&C and hence not thereby insulated from RICO liability for fraud effected through that enterprise; he was, rather, employed by that

enterprise -- a *condition* for liability under § 1962(c). Thus, the claim against him is not subject to dismissal for the reason relied on by the district court.

Defendant Cochran's answer brief summarily proposes alternate rationales for dismissal of the claims asserted against him. The district court has thus far not addressed any of these, and we do not elect to reach out and resolve this case on such undeveloped grounds. We express no opinion on these matters. We do note, however, that in light of the numerous forms of relief potentially available, particularly under the OCOPA, see Okla. Stat. Ann. tit. 22 § 1409, there is no immediate need to address defendant's argument that the AG lacks standing to seek money damages for financial injury incurred by what defendant insists are independent state agencies.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part and REVERSED in part, and the cause is remanded for further proceedings consistent with this order and judgment.

Entered for the Court


Michael R. Murphy
Circuit Judge

-4-